UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE STEVENS, suing individually and by and on behalf of all others similarly situated, and the general public,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DATASCAN FIELD SERVICES LLC, a Delaware Company d/b/a DATASCAN FIELD SERVICES,<br><br>　　　　Defendant.[*] | No. 2:15-cv-00839-GEB-AC<br><br>**ORDER GRANTING DEFENDANT'S DISMISSAL MOTION** |

Defendant moves for dismissal of Plaintiff's putative class action and collective action Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiff's claims are too conclusory to satisfy the federal pleading standard. Plaintiff alleges in her Complaint: Defendant "had a consistent policy of requiring [Plaintiff] and the [putative c]lass [m]embers to work in excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation" as required by the federal Fair Labor

---

[*] The caption has been modified in light of the parties' May 26, 2015 stipulation to dismiss certain defendants. (ECF No. 5.)

1

Standards Act ("FLSA") and the California Labor Code; Defendant "fail[ed] to provide [Plaintiff] and the [putative c]lass [m]embers with mandatory rest periods . . . [and] mandatory meal periods" as required by the California Labor Code; Defendant "fail[ed] to pay compensation . . . in a prompt and timely manner to [Plaintiff] and the [putative c]lass [m]embers" as required by the California Labor Code; and [Defendant] . . . fail[ed] to provide [Plaintiff] and the [putative c]lass [m]embers with accurate . . . wage statements of the total number of hours each of them worked . . ." as required by the California Labor Code. (Compl. ¶ 10.) Plaintiff also alleges that Defendant's failure to pay Plaintiff and the putative class members the referenced overtime pay and compensation for missed meal and rest breaks constitutes an unfair business practice proscribed in the California Business and Professions Code. (Id. ¶ 141.)

## I. DISCUSSION

> To survive a motion to dismiss, a plaintiff asserting a claim to overtime payments **must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek . . . . A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.**

Landers v. Quality Communications, Inc. 771 F.3d 638, 644-45 (9th Cir. 2014) (emphasis added). "As the [Ninth Circuit] explained in Landers, **[Rule] 8 . . . require[s] allegations indicating that a plaintiff worked shifts during which she was harmed. Allegations that speak only to class members generally are insufficient to**

2

**state a claim . . . .**" Sanchez v. Ritz Carlton, No. CV 15-3484 PSG, 2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) (emphasis added).

When deciding a dismissal motion the federal "court must accept a complaint's allegations as true[; however, this tenant] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

None of Plaintiff's claims are pleaded with

> plausible factual allegations [evincing] that [P]laintiff was the victim of . . . [D]efendant's alleged violations of the labor laws . . . . [T]here are no allegations about . . . Plaintiff's [or putative class members'] schedules to substantiate that they worked . . . shifts that would trigger overtime pay [or pay for missed meal and rest breaks] . . . . [W]ithout factual allegations about Plaintiff[']s specific experiences, the claims against Defendant[] are merely 'conceivable,' not 'plausible.'

Sanchez, 2015 WL 5009659 at *2-3 (citing Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013)). Plaintiff is required to

> provide [sufficient] factual context that . . . . nudge[s her] claim from conceivable to plausible[;] and even though [P]laintiff [is not required] to keep careful records and plead [her] hours with mathematical precision . . . [Plaintiff is required to use her] memory and experience [when pleading a] claim in federal court . . . and to draw on those resources in providing [her] complaint[] with sufficiently developed factual allegations.

Dejesus, 726 F.3d at 90.

## II.  CONCLUSION

Since Plaintiff's Complaint consists of conclusory allegations that are insufficient to state plausible claims,

3

Defendant's motion to dismiss all of Plaintiff's claims is granted. Plaintiff has ten days from the date on which this Order is filed to file an amended complaint addressing the referenced deficiencies in her claims.

Dated:  September 4, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge