UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE STEVENS, suing individually and by and on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DATASCAN FIELD SERVICES LLC, a Delaware Company d/b/a DATASCAN FIELD SERVICES,<br><br>Defendant. | No. 2:15-cv-00839-TLN-AC<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** |

Datascan Field Services LLC, d/b/a/ Datascan Field Services ("Defendant") seeks dismissal of certain state claims Charlene Stevens ("Plaintiff") alleges in her First Amended Complaint ("FAC"), under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mem. of P. & A. ISO Def.'s Partial Mot. to Dismiss ("Mot."), ECF No. 19-1.) Plaintiff filed a putative class action and collective action FAC on September 18, 2015, alleging in part the following claims: failure to pay overtime and premium compensation under California Labor Code sections 218.6, 510, 511, 512, 558, 1194, 1198, 1199, and Industrial Welfare Commission ("IWC") Wage Order 4-2001[1]; failure to pay full wages when due under California Labor Code sections 201, 202, 203, 204, 1194, and 1199; failure to adhere to California record-keeping provisions under California Labor Code sections 226, 226.3, 1174, 1174.5, and IWC Wage Order 4-2001; unfair business practices under California Business and Professions Code section 17200; and civil penalties under the Private Attorney General Act ("PAGA"). (FAC, ECF No. 18.) For the reasons stated below,

---

[1] Cal. Code Regs. tit. 8, § 11090.

Defendant's motion to dismiss is GRANTED IN PART, WITH LEAVE TO AMEND IN PART.

**I.  LEGAL STANDARD**

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted); *accord ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Moreover, "[f]or purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 783 (9th Cir. 2012).

> [Further,] the court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences. But so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be [evaluated] on evidentiary grounds.

*In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (internal citation omitted).

"Although review under Rule 12(b)(6) is generally limited to the contents of the complaint, we may 'consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.'" *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK SSX, 2013 WL 3887873, at *1 (C.D. Cal. July 3, 2013) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at

908. "[T]he 'incorporation by reference' doctrine [extends] to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).

Here, the letter from Jeffrey R.A. Edwards to the California Labor and Workforce Development Agency (LWDA), dated January 19, 2014,[2] (the "Letter"), is attached to Defendant's motion to dismiss. (Ex. 1, ECF No. 19-2.) Plaintiff references the Letter in her FAC, and her claim depends on the Letter's contents, *see infra* Part III.B. Since no party questions the authenticity of the Letter, the Court considers the Letter under the "incorporation by reference" doctrine.

## II. ANALYSIS

### A. PAGA Claim

Defendant seeks dismissal with prejudice of Plaintiff's PAGA claim, arguing it "is barred [1] by the statute of limitations" and [2] "by Plaintiff's failure to exhaust her administrative remedies as required[ by PAGA]." (Mot. 1:23–25.)

*i.   Timeliness*

Defendant seeks dismissal with prejudice of Plaintiff's PAGA claim, arguing it is barred by the statute of limitations. Plaintiff rejoins, *inter alia*, that the facts and dates alleged in the FAC do not indicate her PAGA claim is time barred, since she alleges an "uncertain" employment term. (E.g., Opp'n 4:17–27.) Specifically, she alleges in her FAC: "[Plaintiff] C[harlene] S[tevens] is a natural person formerly employed by D[efendant] as an associate field specialist at various third party customer locations *from around 2008 to 2012*." (FAC ¶ 22 (emphasis added).)

---

[2] Defendant points out in its reply brief that the Letter is dated January 19, 2014, while Plaintiff alleges in her FAC that the Letter was "postmarked January 21, 2015." (Reply 1 n.1, ECF No. 21; FAC ¶ 72.) Plaintiff states in her opposition brief that she "provided notice by certified mail to the . . . LWDA . . . and Defendant of her PAGA claim on January 21, 2015"; she also states she "sent . . . [the Letter] to the LWDA and Defendant in January 2014." (Opp'n to Mot. ("Opp'n") 1:16–20, 5:19, ECF No. 20.) The Court "accept[s] . . . well-pleaded allegations of material fact as true," Sateriale, 697 F.3d at 783; moreover, this discrepancy does not change the analysis.

1    California Code of Civil Procedure section 340(a) establishes a one-year statute of
2 limitations in "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an
3 individual, or to an individual and the state, except if the statute imposing it prescribes a different
4 limitation." Cal. Civ. Proc. Code § 340. "The civil penalties that Plaintiff seeks to recover under
5 PAGA are a 'penalty' within the meaning of [section] 340(a)." *Thomas v. Home Depot USA Inc.*,
6 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). (FAC ¶ 150 (seeking civil penalties, attorney fees,
7 and costs under PAGA).) However, the one-year limitations period "may be tolled for up to 33
8 days to account for the period between when [the] LWDA receives a PAGA complaint letter and
9 when it provides notice to the aggrieved employee whether it grants permission for the aggrieved
10 employee to initiate a civil action." *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346
11 (C.D. Cal. 2014) (citing Cal. Lab. Code §§ 2699.3(a)(2), (d)).

12   The dates alleged in Plaintiff's FAC indicate her claim is time-barred. Plaintiff had one
13 year from the date of her alleged termination "around . . . 2012" to file her PAGA claim. *See Slay*
14 *v. CVS Caremark Corp.*, No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *6 (E.D. Cal. May 4,
15 2015); *see also Crosby*, 42 F. Supp. 3d at 1346 ("Plaintiff admits that her employment with Wells
16 Fargo concluded on February 19, 2013, which is the date that any violation of [California Labor
17 Code section] 201[, which governs payment of wages due upon time of separation,] would have
18 occurred."). In the instant case, Plaintiff notified the LWDA of the alleged violations on
19 January 21, 2015. (FAC ¶ 72; *see supra* note 2.) Since Plaintiff filed her initial complaint on
20 April 20, 2015, approximately three years after her alleged termination "around . . . 2012," her
21 PAGA claim is time-barred.

22   Plaintiff cites *Childs v. State*, 144 Cal. App. 3d 155, 161 (1983), where the court
23 concluded that "[s]ince appellant's complaint would be deemed timely filed if the notice had been
24 deposited in the mail even one day after the date affixed to it by respondent, we consider the
25 pleading of 'on or about' June 10, 1980, sufficient to withstand a general demurrer, as it reveals
26 only that plaintiff's action may be barred." In the instant case, for Plaintiff's PAGA claim filed
27 on April 20, 2015, to have been timely, she must have been terminated in March 2014 (assuming
28 she gave timely notice to the LWDA). However, the alleged date, "around . . . 2012," is not in

"close proximity" to March 2014. *Id.* at 160.

For these reasons, Defendant's motion to dismiss Plaintiff's PAGA claim is granted. Defendant, however, has not shown amendment would be futile.

      *ii.*     *Exhaustion of PAGA's Administrative Notice Requirement*

Defendant also seeks dismissal with prejudice of Plaintiff's PAGA claim on exhaustion grounds, first arguing Plaintiff's Letter to the LWDA failed to specify California Labor Code sections 201, 202, 204, 210, and 511; instead, she identifies these sections for the first time in her FAC. (Mot. 6:5–9; FAC ¶ 146.)

"PAGA sets forth an administrative exhaustion requirement to give the LWDA 'the initial opportunity to investigate and cite employers for [California] Labor Code violations.'" *Ovieda*, 2013 WL 3887873, at *3 (quoting *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1148 (2012)). California Labor Code section 2699.3 (a)(1) states: "The aggrieved employee or representative shall give written notice by certified mail to the [LWDA] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

"Before an employee may file an action seeking to recover civil penalties for violations of any of the Labor Code provisions enumerated in section 2699.5 . . . she must comply with the Act's administrative procedures as set forth in section 2699.3, subdivision (a) . . . ." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 370 (2005). Here, Plaintiff seeks to recover civil penalties for violations of the following Labor Code provisions enumerated in section 2699.5: sections 201, 202, 204, 210, 226, 510, 511, 512, 1174, 1194, 1198, and 1199. (See FAC ¶ 146.)

Plaintiff relies on *Stoddart v. Express Services, Inc.*, No. 2:12-CV-01054-KJM, 2015 WL 5522142, at *5 (E.D. Cal. Sept. 16, 2015), where the court found plaintiff satisfied PAGA's administrative notice requirement even though plaintiff's letter to the LWDA failed to identify his request for civil penalties under section 558. His letter, however, "specif[ied] the provisions of the 'code alleged to have been violated, including the facts and theories to support the alleged violation.'" *Id.* (quoting Cal. Lab. Code § 2699.3(a)(1)). Specifically, the court explained as

follows: "to the extent plaintiff's request for penalties under section 558 is predicated on alleged violations of sections 510 and 512, the court finds plaintiff has complied with the exhaustion requirements of section 2699.3." *Id.*

Plaintiff argues, *inter alia*, that the Letter "stated the facts and legal theories supporting her claim for failure to pay full wages when due under California Labor Code sections 201.3, 203, 1194, and 1199," and "[t]his provides the basis for her claim for civil penalties under California Labor Code section[] . . . 210." (Opp'n 7:22–26.) Section 210 states: "[E]very person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty . . . ." Cal. Lab. Code § 210 (emphasis added). Plaintiff, however, does not allege a violation of 201.3 in her FAC, and she does not support her assertion that specifying sections 203, 1194, and 1199 in the Letter exhausts PAGA's administrative notice requirement. Further, Plaintiff has not specified sections 201, 202, 204, or 511 in the Letter.

Thus, Plaintiff did not satisfy PAGA's exhaustion requirement as to alleged violations of sections 201, 202, 204, and 511, and her request for penalties under section 210, since she did not "give written notice by certified mail to the [LWDA] and the employer of the specific provisions of th[e] code alleged to have been violated." Cal. Lab. Code § 2699.3(a)(1). Therefore, Plaintiff's PAGA claim, to the extent it is based on violations of sections 201, 202, 204, 210, and 511, is dismissed with prejudice. *See Ovieda*, 2013 WL 3887873, at *5 ("allowing an amended notice to be submitted after the civil action has already been filed defeats the very purpose of the exhaustion requirement").

Defendant next argues Plaintiff provided inadequate notice under section 2699.3(a)(1), since "Plaintiff's PAGA notice provides only conclusory allegations and unadorned recitations of the elements of the alleged statutory violations." (Mot. 5:8–9 (footnote omitted).) Plaintiff responds by arguing that her "PAGA notice provided 'at least some' facts and theories specific to her principal claims." (Opp'n 6:19–20.) She points in her opposition brief to the following allegations in the Letter:

> Plaintiff specifically alleged that she was employed by Defendant

> "as an associate field specialist at various third party customer locations since 2008 [. . .] performing field vehicle audit and inspection related activities." . . . Plaintiff also alleged that Defendant "willfully and/or recklessly engaged in a scheme" to "routinely" require Plaintiff and the putative class members to work overtime hours and go without meal and rest periods without receiving proper payment pursuant to California law "under the false pretense of being classified as exempt employees." This scheme included Defendant "alter[ing] time records submitted by Plaintiff to reflect a lower number of hours worked" and "to reflect that Plaintiff took meal periods when Defendants provided no such breaks." Plaintiff also alleged Defendant failed to pay Plaintiff her full wages when due and to maintain and provide Plaintiff with adequate employment records.

(Opp'n 6:19–28, 7:1–3 (first and third alterations in original) (citations omitted).)

"PAGA notice must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations." *Holak v. K Mart Corp.*, No. 1:12-CV-00304-AWI-MJ, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015). Conversely, "a string of legal conclusions with no factual allegations or theories of liability to support them . . . is insufficient to allow the [LWDA] to intelligently assess the seriousness of the alleged violations." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015); *see also Archila v. KFC U.S. Props., Inc.*, 420 Fed. App'x 667, 669 (9th Cir. 2011) ("The demand letter merely lists several California Labor Code provisions Archila alleges KFC violated and requests that KFC conduct an investigation."). Plaintiff, however, need not set forth "every potential fact or every future theory." *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011). "Under California's Labor Code, a written notice is sufficient so long as it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed." *Green v. Bank of Am., N.A.*, No. 13-56023, 2015 WL 9259065, at *2 (9th Cir. Dec. 18, 2015) (footnote omitted).

The Letter "provide[s] sufficient information to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight." *Alcantar*, 800 F.3d at 1057. The notice contains the specific statutes Defendant allegedly violated; facts about the position Plaintiff held; and a statement about Defendant's policies or practices of misclassifying her as an exempt employee and incorrectly rounding her work hours. *See Green*,

2015 WL 9259065, at *2. Therefore, Plaintiff exhausted her administrative remedies for her PAGA claim to the extent it is based on violations of sections 226, 510, 512, 1174, 1194, 1198, and 1199, and Defendant's motion to dismiss with prejudice on this ground is denied.

### B. Section 226 Claim for Statutory Penalties

Defendant seeks dismissal of Plaintiff's California Labor Code section 226 claim for statutory penalties, arguing it is time-barred by a one-year limitations period.

"When a plaintiff is seeking actual damages [under section 226], the three-year statute of limitations applies, but when a plaintiff is seeking statutory penalties, the one-year statute of limitations applies." *Mouchati v. Bonnie Plants, Inc.*, No. EDCV 14-00037-VAP, 2014 WL 1661245, at *8 (C.D. Cal. Mar. 6, 2014) (citation omitted); *see Elliot v. Spherion Pac. Work, LLC*, 368 F. App'x 761, 764 (9th Cir. 2010) ("Because Elliot is claiming penalties under section 226, California's one-year statute of limitations bars this claim." (citations omitted)).

Plaintiff's section 226 claim seeking statutory penalties is time-barred for the reasons stated above. Accordingly, Defendant's motion to dismiss this claim is granted; however, Defendant has not shown amendment would be futile.

### C. Direct Action Claims Under Sections 204, 226.3, 558, 1174, 1174.5, 1198, and 1199

Both parties agree "Plaintiff has no direct right of action for civil penalties under the California Labor Code." (Opp'n 8:17–18 (excluding section 226 (citing *Caliber*, 134 Cal. App. 4th at 377)); Mot. 7:1–11.) Accordingly, to the extent Plaintiff alleges a direct right of action for civil penalties under California Labor Code sections 204, 226.3, 558, 1174, 1174.5, 1198, and 1199, such claims are dismissed with prejudice.

### D. Injunctive Relief

Defendant moves for dismissal of Plaintiff's fourth claim (failure to adhere to California record-keeping provisions) and fifth claim (unfair business practices) seeking injunctive relief, arguing Plaintiff lacks standing to seek injunctive relief as a former employee. (Mot. 8:1–9.) Plaintiff counters: "Plaintiff should be permitted to seek injunctive relief because she has alleged a threat of irreparable injury and because striking injunctive relief at this stage would be premature." (Opp'n 8:24–25.) She further counters: "Striking Plaintiff's claims for injunctive

relief would rob potential class members of an important remedy before they were even given notice of a proposed class certification." (Opp'n 9:26–27.)

"Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable injury." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (citation omitted) (holding plaintiff "lacked standing to prosecute a[ California Business and Professions Code section 17204] claim for injunctive relief" where plaintiff "currently has no contractual relationship with [d]efendants and therefore is not personally threatened by their conduct"). "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

The Supreme Court has found: "The Ninth Circuit . . . concluded that those plaintiffs no longer employed by [defendant] lack standing to seek injunctive or declaratory relief against its employment practices." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559–60 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) ("Plaintiffs not employed by [defendant] throughout this case do not have standing to seek injunctive relief."); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036–37 (9th Cir. 2006) (holding former employee "lacked standing to request injunctive relief to force the [former employer] to adopt and enforce lawful policies regarding discrimination based on disability").

As discussed, Plaintiff alleges she is no longer employed by Defendant. Therefore, Plaintiff currently does not have standing to seek the injunctive relief requested in her fourth and fifth claims, and Defendant's motion is granted. Defendant, however, has not shown amendment would be futile.

### IV. CONCLUSION

For the stated reasons, Defendant's partial motion to dismiss is GRANTED IN PART, WITH LEAVE TO AMEND IN PART. Plaintiff has fourteen (14) days from the date on which this Order is filed to file an amended complaint addressing the referenced deficiency in any claim dismissed without prejudice.

Dated: February 16, 2016

Troy L. Nunley
United States District Judge