UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE STEVENS, suing individually and by and on behalf of all others similarly situated, and the general public<br><br>Plaintiffs,<br><br>v.<br><br>DATASCAN FIELD SERVICES LLC, a Delaware Company D/B/A DATASCAN FIELD SERVICES,<br><br>Defendant. | No. 2:15-cv-00839-TLN-AC<br><br>**ORDER** |

This is a putative class action and collective action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and several California wage-and-hour laws. The matter is before the Court on Defendant Datascan Field Services LLC's ("Defendant") motion to dismiss. (ECF No. 29.) Plaintiff Charlene Stevens ("Plaintiff") opposes the motion. (ECF No. 31.) For the reasons set forth below, Defendant's motion is GRANTED.

I. **BACKGROUND**

A. Statutory Background

The FLSA has three procedural rules that are relevant here. First, the FLSA establishes an opt-in procedure for collective actions. *See* 29 U.S.C. § 216(b). No person may be a plaintiff in a

1

1  collective action unless he or she files a signed, written consent with the court in which the action
2  is brought. *Id.* "The statute is unambiguous: if you haven't given your written consent to join the
3  suit, or if you have but it hasn't been filed with the court, you're not a party." *Harkins v.*
4  *Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). This rule applies to named plaintiffs
5  and unnamed plaintiffs alike. *See* 29 U.S.C. § 256(a). Second, the FLSA provides a maximum
6  statute of limitations of three years. 29 U.S.C. § 255(a). Third, the FLSA treats individual
7  actions differently than it treats collective actions in determining when an action is commenced.
8  *See id.* at § 256. Individual actions are commenced on the date the complaint is filed. *Id.*
9  Collective actions are commenced, in the case of any individual plaintiff, on the date that
10  particular plaintiff files his or her written consent. *Id.*

11       B.  Factual and Procedural Background

12       The relevant facts are simple. Plaintiff alleges that she was employed by Defendant "from
13  around 2008 to 2012." (Second Am. Compl., ECF No. 27 at ¶ 22.) Plaintiff alleges that
14  Defendant consistently violated her rights and the rights of her colleagues under the FLSA and
15  California law through a variety of unlawful practices. (*See* ECF No. 27 at ¶¶ 70–126.) Plaintiff
16  brought this case as a "class/collective action." (ECF No. 27 at ¶ 1.)

17       Plaintiff filed the operative complaint on March 2, 2016. (ECF No. 27.) She did not file a
18  written consent until March 25, 2016. (ECF No. 30.)

19  **II.    LEGAL STANDARD**

20       Rule 12(b)(6) of the Federal Rules of Civil Procedure permits motions to dismiss for
21  "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the legal
22  sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a
23  Rule 12(b)(6) motion, the complaint must contain plausible factual allegations that (taken as true)
24  show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–58
25  (2007). Where it is apparent on the face of the complaint that the limitations period has run, the
26  defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion. *Von Saher v.*
27  *Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).
28  / / /

### III. DISCUSSION

####   A. FLSA Claim

Defendant argues that Plaintiff's FLSA claim is time-barred. (ECF No. 29 at 3:11–8:12.) Plaintiff alleges she was employed by Defendant "from around 2008 to 2012." (ECF No. 27 at ¶ 22.) But Plaintiff did not commence her FLSA claim until the date she filed her written consent: March 25, 2016. *See* 29 U.S.C. § 256(b). Thus, Plaintiff did not commence the action within the FLSA's three-year statute of limitations. That clock ran sometime in 2015. Consequently, Defendant's motion to dismiss (ECF No. 29) is GRANTED.

Plaintiff does not contest that her collective FLSA claim is time-barred. Instead, she argues that the Court should grant her leave to amend her complaint, allowing her to plead her FLSA claim "as an individual claim for Defendant's FLSA violations." (ECF No. 31 at 2:28–3:1.) Plaintiff argues that an individual FLSA claim would be timely because it would relate back to the date she filed her original complaint on April 20, 2015—"within three years of 'around . . . 2012.'" (ECF No. 31 at 4:4–6:8 (alteration in original).) Plaintiff argues that the Court should grant leave to amend because Rule 15 of the Federal Rules of Civil Procedure instructs the Court to grant leave freely. (ECF No. 31 at 3:9–14.)

But Rule 15 does not control here. Once the Court has issued a pretrial scheduling order, Rule 16(b) supplies the governing standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16(b), the pretrial scheduling order may be modified only if the party seeking to amend shows good cause. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 608.

Here, the Court issued a pretrial scheduling order on July 28, 2015. (ECF No. 14.) Among other things, the pretrial scheduling order provides that no further amendments to pleadings will be permitted "except with leave of Court for good cause shown." (ECF No. 14 at 2:2–6.) Plaintiff fails to recognize that Rule 15's liberal standard is inapplicable until she first satisfies the good cause standard of Rule 16, which she has not attempted to do. *Johnson*, 975 F.2d at 608. *See also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606–07 (E.D. Cal. 1999). "Absent such an initial showing under Rule 16, [the Court] is foreclosed from considering

whether the amendment is appropriate under Rule 15." *MCI Commc'ns Servs., Inc. v. Optimum, Inc.*, No. 2:15-cv-02452-TLN-AC, 2017 WL 282582, at *2 (E.D. Cal. Jan. 23, 2017) (alteration in original) (quoting *LifeLast, Inc. v. The Charter Oak Fire Ins. Co.*, No: C14-1031JLR, 2015 WL 12910683, at *3 (W.D. Wash. Jul. 6, 2015)). Because Plaintiff's claim is time-barred and she has not shown good cause justifying leave to amend, Plaintiff's FLSA claim is hereby DISMISSED with prejudice.

      B.  <u>State Law Claims</u>

Plaintiff's remaining claims arise under California law, and the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). But the Court declines to exercise that jurisdiction. Section 1367(c) permits the Court to refuse supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That is the case here. Accordingly, Plaintiff's state law claims are DISMISSED without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the following is hereby ORDERED:

1. Defendant's motion to dismiss (ECF No. 29) is GRANTED.
2. Plaintiff's FLSA claim—her first cause of action—is DISMISSED with prejudice.
3. Plaintiff's state law claims—her second, third, and fourth causes of action—are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: February 13, 2017

_____
Troy L. Nunley
United States District Judge